UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Thomas Freer-Heeter**

      **PLAINTIFF,**

vs.                              **CASE NO.:**

**Laramar Communities, LLC d/b/a Hatteras Sound Apartments**
**And  SREIT Hatteras Sound, LLC**

      **Defendants**

_____/

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, THOMAS FREER-HEETER by and through his undersigned counsel, Sues Defendant, **Laramar Communities, LLC d/b/a Hatteras Sound Apartments** ("Defendant" or "Hatteras Sound") **And  SREIT Hatteras Sound, LLC  (**"Defendant" or "SREIT") and states:

**GENERAL ALLEGATIONS**

1.    This is an action for damages brought against the Defendants pursuant The Florida Fair Housing Act—specifically, Sections 760.23(1), 760.23(2), 760.23(8) and (9)(b), Florida Statutes and the Federal Fair Housing Act ("FHA")—Specifically, 42 U.S.C Sections 3601-3603, 3604, 3613 and 3615.  This Court has original, concurrent, and subject matter jurisdiction pursuant to article III, section 1 of the U.S. Constitution, 28 U.S.C. sections 1331, 1332 and 1343 and Florida Constitution.

2.    Plaintiff, THOMAS FREER- HEETER (hereinafter "Plaintiff" or "HEETER") was a resident of Seminole County, Florida and the conduct complained of herein occurred in

Seminole County.

3. At all times material, Defendant Laramar Communities, LLC d/b/a Hatteras Sound Apartments, was a business entity in the State of Florida whose place of business was 13000 Island Bay Circle, Sanford FL 32771 and was authorized to do business in the State of Florida and is/was doing business in the State of Florida or was a foreign business authorized and doing business in the State of Florida. Defendant HATTERAS SOUND was a residential apartment complex operating, managed and controlled by the Defendant HATTERAS SOUND and were responsible for the actions of their employees, representatives or agents.

4. At all times material, Defendant SREIT Hatteras Sound LLC was a business entity in the State of Florida and was authorized to do business in the State of Florida and is/was doing business in the State of Florida or was a foreign business authorized and doing business in the State of Florida. Defendant SREIT HATTERAS SOUND was the owner of the subject residential apartment complex and operated, managed and controlled HATTERAS SOUND and were responsible for the actions of their employees, representatives or agents.

5. HEETER has complied with all conditions precedent for the filing of this lawsuit, including filing the appropriate charge of discrimination with HUD and Florida Commission on Human Relations.

**FACTUAL ALLEGATIONS**

6. HEETER is handicapped or has a disability and has a neuro psychological impairment in that he has significant frontal motor control deficits and limitations which substantially

limits or impairs a major and fundamental life activity, to wit, preventing from grasping, holding, opening materials, and writing, to name a few activities.

7. At all times material to this action, HEETER was a resident at the Defendants apartment HATTERAS SOUND and resided at 1015 Island Bay Circle, Sanford, FL 32711.

8. In order to receive and enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided, on February 1, 2020, Plaintiff HEETER requested a reasonable accommodation in writing (See Exhibit "A") and presented a letter from his physician requesting a reasonable accommodation and simply requested that Defendants communicate with Plaintiff using electronic communications, such as text or email. These modalities allowed Plaintiff to adaptive technology in order to enjoy all the benefits of his housing. (See Exhibit "B") However, Defendants denied Plaintiff's request for a reasonable accommodation, which caused Plaintiff undue hardship and prevented him from using and fully enjoying all the services, privileges and conditions relative to the premises he was entitled.

9. Since the Defendant failed to and refused to provide Plaintiff HEETER with a reasonable accommodation, which caused Plaintiff unnecessary hardship and prevented him from using and fully enjoying all the services, privileges and conditions relative to the premises he was entitled, on March 4, 2020, Plaintiff's Attorney MONICA SHARMA was required to contact Defendants and again request a reasonable accommodation to Defendants for Plaintiff in writing. (See Exhibit 'C").

10. Notwithstanding that Plaintiff had made multiple requests for a reasonable accommodation to Defendants, in writing, Defendants still refused to and failed to grant

Plaintiff a reasonable accommodation, but instead continue to communicate with Plaintiff via mechanisms (for instance sending notices or communications by letter or in enclosed envelopes and posting) in which Plaintiff was unable to easily access or access at all, and/or in a manner in which Plaintiff was not communicated to effectively at all. This caused Plaintiff undue and unnecessary hardships and prevented Plaintiff from using and fully enjoying all the services, privileges and conditions relative to the premises he was entitled.

11. Although Plaintiff HEETER made multiple requests (verbal and in writing) for reasonable accommodation and Defendants claimed the granted the accommodation, which is evidence that Defendant's knew Plaintiff was qualified for the accommodation requested, Defendants continued to act or engage in conduct which was totally contrary and in opposite to the reasonable accommodation requested. In other words, the Defendants in fact did not abide by, adhere to or actually grant the reasonable accommodation insofar as Defendants continued to communicate with Plaintiff by not using or employing electronic or any other accommodating means. In fact, as late as September of 2020 Defendants continued to and were still posting notices and communicating with Plaintiff via mail or by paper.

12. Indeed, the discriminatory conduct continues insofar as the Defendants continue to send Plaintiff notices and letters by mail or by posting on the door as opposed to communicating with Plaintiff via email or other electronic means.

13. Defendants are responsible for the conduct and actions of their employees, managers and representatives and were required to and had a legal duty and obligation to

engage in non-discriminatory conduct vis-à-vis Plaintiff and failed and refused to do. Instead, Defendant acted in a manner so as to discrimination against Plaintiff due to his disability and deprive him of his rights under applicable law. As a result of the discriminatory conduct of the Defendants, PLAINTIFF has sustained damages and continues to sustain damages.

**COUNT I- FCRA 760.01 VIOLATIONS AGAINST-Laramar Communities, LLC d/b/a Hatteras Sound Apartments**

**("Direct Disability Discrimination")**

14. HEETER repeats, re-alleges and incorporates paragraphs 1-13 set forth above.

15. HEETER has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FCRA, have been met.

16. The FCRA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. Defendant is a public entity or provide housing to the public under the FCRA. The FCRA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

17. HEETER is a member of a protected class in that he is handicapped, disabled, or suffers from a disability as defined in or by the FCRA; to this end, HEETER has a severe and significant motor and/or neuro psychological impairment which substantially limits or impairs a major and fundamental life activity and renders him unable to do many major life activities. Additionally, HEETER has a record of being impaired or handicapped or is

regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FCRA in that Defendant discriminated against Plaintiff by (1) denying him or delaying him a reasonable accommodation due to his disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant.

18. Defendant was a provider of public or residential housing and was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of the FCRA.

19. As a direct and proximate result of the aforementioned violations, HEETER has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, HEETER demands the following relief: compensatory damages, attorney's fees, and costs pursuant to the FCRA, a trial by jury and any other relief this court deems just and proper.

## COUNT II- FCRA 760.01 VIOLATIONS AGAINST- SREIT Hatteras Sound
### ("Direct Disability Discrimination")

20. HEETER repeats, re-alleges and incorporates paragraphs 1-13 set forth above.

21. HEETER has exhausted his administrative remedies as described in paragraph 5

above and therefore all conditions precedent to filing suit under the FCRA, have been met.

22.     The FCRA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. Defendant is a public entity or provide housing to the public under the FCRA. The FCRA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

23.     HEETER is a member of a protected class in that he is handicapped, disabled, or suffers from a disability as defined in or by the FCRA; to this end, HEETER has a severe and significant motor and neuro psychological impairment which substantially limits or impairs a major and fundamental life activity and renders him unable to do many major life activities. Additionally, HEETER has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FCRA in that Defendant discriminated against Plaintiff by (1) denying him or delaying him a reasonable accommodation due to his disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant.

24.     Defendant was a provider of public or residential housing and was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the

ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of the FCRA.

25. As a direct and proximate result of the aforementioned violations, HEETER has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, HEETER demands the following relief: compensatory damages, attorney's fees, and costs pursuant to the FCRA, a trial by jury and any other relief this court deems just and proper.

## COUNT III- FHA VIOLATIONS AGAINST-Laramar Communities, LLC d/b/a Hatteras Sound Apartments

### ("Direct Disability Discrimination")

26. HEETER repeats, re-alleges and incorporates paragraphs 1-13 set forth above.

27. HEETER has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FHA, have been met.

28. The FHA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. Defendant is a public entity or provide housing to the public under the FHA. The FHA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

29. HEETER is a member of a protected class in that he is handicapped, disabled, or

suffers from a disability as defined in or by the FHA; to this end, HEETER has a severe and significant motor and neuro psychological impairment which substantially limits or impairs a major and fundamental life activity and renders him unable to do many major life activities. Additionally, HEETER has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FHA in that Defendant discriminated against Plaintiff by (1) denying him or delaying him a reasonable accommodation due to his disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant.

30. Defendant was a provider of public or residential housing and was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of the FHA. In fact, the FHA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities.

31. As a direct and proximate result of the aforementioned violations, HEETER has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, HEETER demands the following relief: compensatory damages,

attorney's fees, and costs pursuant to the FHA, a trial by jury and any other relief this court deems just and proper.

### COUNT IV- FHA VIOLATIONS AGAINST-SREIT Hatteras Sound Apartments
### ("Direct Disability Discrimination")

32. HEETER repeats, re-alleges and incorporates paragraphs 1-13 set forth above.

33. HEETER has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FHA, have been met.

34. The FHA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. Defendant is a public entity or provide housing to the public under the FHA. The FHA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

35. HEETER is a member of a protected class in that he is handicapped, disabled, or suffers from a disability as defined in or by the FHA; to this end, HEETER has a severe and significant motor and neuro psychological impairment which substantially limits or impairs a major and fundamental life activity and renders him unable to do many major life activities. Additionally, HEETER has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FHA in that Defendant discriminated against Plaintiff by (1) denying him or delaying him a reasonable accommodation due to his disability, handicap or impairment and/or (2) by refusing to and/or failing to offer

Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant.

36. Defendant was a provider of public or residential housing and was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the premised and property in which he resided within the meaning of the FHA. In fact, the FHA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities.

37. As a direct and proximate result of the aforementioned violations, HEETER has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, HEETER demands the following relief: compensatory damages, attorney's fees, and costs pursuant to the FHA, a trial by jury and any other relief this court deems just and proper.

On this 24th Day of September 2021.

S/ Frank T. Allen
FRANK T. ALLEN, ESQUIRE
FBN- 0033464
**THE ALLEN FIRM, P.A.**
2582 Maguire Rd.,
Suite 130
OCOEE, FL 347611
(407) 481-8103
Fallen@TheAllenFirmPA.com (email)

Attorneys for Plaintiff.

_____
Thomas Freer-Heeter